# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAD THORNTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 13-3368-CV-S-DGK |
| | ) | |
| LAMBERT LEASING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING LEAVE TO FILE PROPOSED SETTLEMENT AGREEMENT UNDER SEAL

This case arises out of a fatal airplane crash in Australia. Plaintiffs are family members of some of the victims; Defendants were parties to the sale of the airplane before its crash; and Third-Party Defendants were involved in technical aspects of the plane's operation.

Plaintiffs now wish to settle their wrongful death claims against Defendant Lambert Leasing, Inc., which requires judicial approval. These parties (collectively, "Movants") have filed a motion, unopposed by all other parties, to file the proposed settlement agreement under seal (Doc. 121). For the reasons below, the Court DENIES the motion.

### Discussion

Movants argue their proposed settlement agreement should be sealed because it contains confidentiality provisions that would be undermined if publicly disclosed.

Under Missouri law, a wrongful death settlement requires court approval. Mo. Rev. Stat. § 537.095.1. Movants' request to file their settlement agreement under seal implicates the public's "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Free access to judicial records "bolsters public confidence in the judicial system by allowing citizens

to evaluate the reasonableness and fairness of judicial proceedings." *Id.* (holding that the common-law right of access applies to civil proceedings).

In practice, this right to public records creates a presumption in favor of disclosure. *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). This presumption even extends to private settlements, such as this one, which require court approval. *See LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011). But the right of access is not absolute; a party may overcome the presumption of openness by showing a *compelling* need to seal documents. *In re Neal*, 461 F.3d at 1053.

A compelling need exists, for example, if the settlement agreement compromises personal safety, reveals trade secrets, or identifies a minor. *See, e.g.*, *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004) (recognizing the protection of a confidential informant as a compelling government interest justifying the reception of evidence under seal); *IDT Corp.*, 709 F.3d at 1223–24 (finding a company's "confidential and competitively sensitive information" warranted sealing the complaint); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011) (granting an appellant's request to file under seal an appendix to the appellate record that contained personal information about a minor). A court, however, will not seal documents that were integral to its approval of a settlement simply because the parties agreed to keep the material terms confidential. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 834–35 (7th Cir. 2013) (Posner, J., in chambers).

Here, the parties have not rebutted the presumption of openness. They simply state that they bargained to keep the agreements confidential, presumably to shield the settlement amounts. This does not overcome the particular need for the public to know the agreement's material terms. The Missouri statutes governing wrongful death lawsuits place the Court in a quasi-

fiduciary role vis-à-vis potential claimants, as they require the Court to ensure that all first-class claimants have been accounted for. Mo. Rev. Stat. § 537.095; *see Teeter v. Mo. Highway & Transp. Comm'n*, 891 S.W.2d 817, 819 (Mo. 1995) ("Unlike tort actions, in which the plaintiffs have individual causes of action, wrongful death actions are indivisible—only one action may be brought against any one defendant for the death of any one person."). Among other considerations, the Court must evaluate the fees proposed by Plaintiffs' attorneys. Mo. Rev. Stat. § 537.095.4(2). If a contract governs those fees, then the Court must ensure that the contract comports with the Missouri Rules of Professional Conduct. *See, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010); J. and Order Conditionally Approving Settlement of Wrongful Death Claim, *Clark v. Gen. Motors, LLC*, No. 14-CV-3413-S-DGK, Doc. 18 at 4–5 (W.D. Mo. June 16, 2015). If no contract governs those fees, the Court must determine whether the proposed fees are "fair and equitable under the circumstances." Mo. Rev. Stat. § 537.095.4(2). Finally, the amount of settlement appears to be subject to judicial approval. *See id.* § 537.095.3.

Without knowing the details of the settlement, it is nearly impossible for the public to evaluate the propriety of the Court's approval of the agreement's terms. Because there is a particular need for openness here and Movants have failed to provide sufficient countervailing reasons in favor of sealing, the settlement agreements may not be filed under seal. *See In re Neal*, 461 F.3d at 1053; *Goesel*, 738 F.3d at 835.

## Conclusion

For the foregoing reasons, the Court DENIES Movants' motion (Doc. 121). No later than November 25, 2015, the parties must file—but not under seal—a copy of the proposed

settlement agreement, including any attachments. The parties may not redact any portion of the filings, except as permitted by Federal Rule of Civil Procedure 5.2(a).

**IT IS SO ORDERED.**

Date:  November 12, 2015  　　　　　　　　　 /s/ Greg Kays  
　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE  
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT