IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| TRAD THORNTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-3368-CV-S-DGK |
| ) | |
| LAMBERT LEASING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT AND ORDER APPROVING SETTLEMENT OF WRONGFUL DEATH CLAIMS HELD BY PLAINTIFFS

This case arises out of a fatal airplane crash in Australia. Plaintiffs are family members of fourteen of the victims; Defendants were parties to the sale of the airplane before its crash; and Third-Party Defendants were involved in technical aspects of the plane's operation.

Fourteen Plaintiffs—moving on behalf of all Plaintiffs—have agreed to settle their claims against Defendant Lambert Leasing, Inc. ("Lambert"). Now before the Court is those parties' joint motion for approval of their wrongful death settlement agreement (Doc. 120). Because the gross settlement amount, claimant distribution, and attorneys' fees are fair and reasonable, the motion is GRANTED and the settlement is APPROVED.

### Factual Findings

The Court finds the following facts, which are uncontested and derive from the parties' filings in support of their motion (Docs. 124-1 to -16, 125-1). In 2005, a commuter plane crashed into a ridge in rural Queensland, Australia. Both pilots and all thirteen passengers died.

Two years prior to the crash, Lambert, a Missouri corporation, sold the airplane to Partnership 818 and Les Wright ("Wright"). Lambert delivered the airplane to Partnership 818 and Wright in Springfield, Missouri, who then brought it to Australia.

Plaintiffs are family members of fourteen of the decedents: Sally Urquhart, Paul Norris, Helena Woosup, Fred Bowie, Mardie Bowie, Gordon Kris, Frank Billy, Tim Down, Kenneth Hurst, Brett Hotchin, Edward Green, Arden Sonter, Noel Lewis, and Robert Brady. Plaintiffs are each a spouse, parent, child, or brother of a decedent. *See* Mo. Rev. Stat. § 537.080.1(1)–(2). Plaintiffs' exact relationships to the decedents are indicated in the appendix to this judgment and order (Doc. 126-1). The Court is unaware of any other family members with regard to these decedents.

In May 2008, Plaintiffs sued Lambert, Partnership 818, and Wright in the Circuit Court of Greene County, Missouri, charging three counts of products liability, negligence, and wrongful death (Doc. 2-1). Plaintiffs allege that Defendants failed to properly install certain equipment on the airplane and defectively designed other components of the airplane.

After this case was removed, Plaintiffs and Lambert reached an agreement to settle all claims between them. As required by the Missouri Wrongful Death Statute, the parties now seek Court approval of this settlement agreement. *See* Mo. Rev. Stat. § 537.095.1.

Under the proposed settlement agreement (Doc. 124-1), Plaintiffs agree to release Lambert from liability related to any claims in this lawsuit—not just the wrongful death claims. Lambert continues to deny such liability. The settlement agreement would not impact Plaintiffs' claims against the remaining Defendants.

In exchange, Lambert will pay Plaintiffs $725,000, split equally among the fourteen decedents' families. The parties agree to bear their own attorneys' fees and costs. Each decedent's family agrees to pay their attorney twenty-five percent of their gross recovery as attorneys' fees, and ten percent of the gross recovery as litigation expenses. Within each

decedent's family, each Plaintiff is entitled to a varying percentage of the recovery; Schedules 1A–14A (Doc. 124-3) outline the exact apportionment.

## Discussion

Under Missouri law, a wrongful death settlement requires court approval. *See* Mo. Rev. Stat. § 537.095.1. To obtain approval, a plaintiff must demonstrate that: (1) he or she diligently attempted to notify all spouses, children, and parents of the decedent, and if none of those relatives survive, then the siblings of the decedent, *id.*; *id.* § 537.080.1; (2) the amount of settlement is fair and reasonable, *see id.* § 537.095.3; and (3) the attorneys' fees are paid in accordance with the Missouri Rules of Professional Conduct, *see id.* § 537.095.4(2); *see, e.g.*, *Eng v. Cummings, McClorey, Davis & Acho, PLC*, 611 F.3d 428, 435 (8th Cir. 2010).

Here, the settlement warrants approval. First, Plaintiffs have satisfied the notice requirements. For each decedent, Plaintiffs are the only individuals entitled to recover, because they are the only known spouses, children, parents, or siblings of the decedents. All other persons entitled to bring a wrongful death action for decedents' death have had an opportunity join in this action, but have failed to do so. Therefore, Plaintiffs are the only persons entitled under Missouri law to share in the apportionment of wrongful death damages for the fourteen decedents' deaths.

Second, the Court finds the gross settlement amount of $750,000.00 to be fair and reasonable compensation for each Plaintiff's claim. Further, the fourteen-way split, and the subdivision of proceeds among each decedent's family members, is fair and reasonable.

Third, the settlement agreement provides for a reasonable amount of attorneys' fees and litigation expenses. *See* Mo. R. Prof. Conduct 4-1.5(a).

Therefore, the Court approves the parties' settlement of these wrongful death claims. *See* Mo. Rev. Stat. § 537.095.

**Conclusion**

For the above reasons, the "Joint Application of Fourteen Plaintiffs and Defendant Lambert Leasing, Inc., for Approval and Apportionment of Wrongful Death Settlement Agreement" (Doc. 120) is GRANTED. The Court approves Plaintiffs' and Lambert's settlement agreement, as outlined in Docs. 124-1, -2, and -3. Plaintiffs and Lambert must execute that settlement agreement, and apportion and distribute the settlement proceeds as described therein. Those parties must collect and receipt for the payment of these proceeds, and then acknowledge satisfaction of the proceeds. **Once the parties have done so, they shall file with the Court a stipulation of dismissal with prejudice.**

**IT IS SO ORDERED.**

Date: December 9, 2015 /s/ Greg Kays
                                                           GREG KAYS, CHIEF JUDGE
                                                           UNITED STATES DISTRICT COURT