## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| TRAD THORNTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 13-CV-3368-S-DGK |
| ) | |
| LAMBERT LEASING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER REMANDING THE ACTION

This case arises out of a fatal airplane crash in Australia. Plaintiffs are family members of some of the victims; Defendants were parties to the sale of the airplane before its crash; and Third-Party Defendants were involved in technical aspects of the plane's operation. Plaintiffs recently settled all claims against Defendant Lambert Leasing, Inc. ("Lambert"), and the Court dismissed Lambert from this case.

Now before the Court is Plaintiffs' omnibus motion (Doc. 112). Plaintiffs seek three forms of relief: (1) voluntary dismissal of Lambert; (2) remand of the case to state court; and (3) a stay of the scheduling deadlines. For the reasons below, the first two requests are granted but the third is denied. The motion is therefore GRANTED IN PART.

### I. Claims against Lambert and ASA are dismissed.

Plaintiffs first seek voluntary dismissal of their claims against Lambert. Because Plaintiffs and Lambert have filed a stipulation to that effect (Doc. 129), the first request is granted. *See* Fed. R. Civ. P. 41(a)(2). Plaintiffs' claims against Lambert are dismissed with prejudice. This dismissal does not impact Plaintiffs' claims against any remaining party.

Lambert, for its part, advises (Doc. 132) that it dismisses its claims against all other served parties, including Third-Party Defendants Airservices Australia Group ("ASA") and Garmin International, Inc. Therefore, Lambert's claims against those parties are dismissed with prejudice.

Lambert was the only party that had asserted claims against ASA. Now that Lambert has been dismissed from this action, there are no claims by any party against ASA. Nor are there claims by ASA against any party.[1] Therefore, all claims against and by ASA are dismissed without prejudice.

**II. Declining to exercise supplemental jurisdiction, the Court remands the case.**

Second, Plaintiffs move to remand this action to the Circuit Court of Greene County, Missouri. Federal courts have original jurisdiction over any case where a foreign sovereign is a party. 28 U.S.C. § 1330(a). This Court had jurisdiction because ASA qualified as a foreign sovereign. With ASA gone, Plaintiffs argue this case has lost its federal nexus and should be remanded.

Even when the party creating federal jurisdiction leaves the case, the court does not completely lose jurisdiction. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004) ("[T]he jurisdiction of the court depends upon the state of things *at the time of the action brought*." (emphasis added)). Rather, a court retains jurisdiction over the remaining claims through supplemental jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); 28 U.S.C. § 1367(a). In this scenario however, a court may decline that supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). In so deciding, a court considers "factors such as judicial economy,

---

[1] All of ASA's crossclaims seek contribution and indemnity for claims asserted against ASA, so if ASA cannot be held liable for any claims, then it has no basis to assert claims against another party.

convenience, fairness and comity." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009).

Although only ASA provided a basis for original jurisdiction, the Court could retain supplemental jurisdiction over all over claims in this lawsuit. *See Osborn*, 549 U.S. at 245. The Court finds accepting this jurisdiction to be unwarranted. This matter has not proceeded very far in federal court; only one motion remains pending. The Missouri circuit court is as equally convenient and competent as this Court. The claims here are negligence and products liability, arising out of Missouri or Queensland law, not federal law. Finally, the Court discerns no particular reason why the Missouri state courts' adjudication of this matter would prejudice the rights of any party.

Therefore, this part of Plaintiffs' motion is granted. *See id.* The Court exercises its discretion under 28 U.S.C. § 1367(c)(3) to decline jurisdiction over this case's remaining claims. The case is thus remanded. The Court denies as moot Plaintiffs' third request, to stay the scheduling order.

## Conclusion

In view of the foregoing, Plaintiffs' motion (Doc. 112) is GRANTED IN PART. All claims by and against Defendant Lambert Leasing, Inc., are DISMISSED with prejudice. All claims by and against Third-Party Defendant Airservices Australia Group are DISMISSED without prejudice. The case is REMANDED to the Circuit Court of Greene County, Missouri. All other motions remain pending for adjudication by that court.

**IT IS SO ORDERED.**

Date:  January 21, 2016            /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT